IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TANYA FIGUEROA-PAGÁN,<br><br>Defendant. | CRIMINAL NO. 16-143 (GAG) |

## REPORT AND RECOMMENDATION

Defendant Tanya Figueroa-Pagán was charged in a one count Indictment and she agreed to plead guilty to the sole count of the Indictment and admit the forfeiture allegation pending against her. Count One charges Defendant with attempted coercion and enticement, in violation of Title 18, United States Code, Section 2422(b).

On April 23, 2019, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Tanya Figueroa-Pagán
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 2

ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above stated Count One, she was examined and verified as being correct that she had consulted with her counsel Thomas Trebilcock, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  She was also waiving her right to be presumed innocent and for the Government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf.  She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of her right

to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact, if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The penalty for the offense charged in Count One of the Indictment is a mandatory minimum of ten (10) years imprisonment to life in prison; a fine of not more than two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not less than five (5) year up to life, in accordance with Title 18, United States Code, Sections 3559(a)(3) (Class "A" Felony) and 3583(k).

At the time of sentencing, Defendant will pay a special monetary assessment of one hundred dollars ($100.00), as required by Title 18, United States Code, Section 3013(a).

United States of America v. Tanya Figueroa-Pagán
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 4

The Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines, Policy Statements, Application and Background Notes, order the Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and/or supervised release ordered. The Defendant agrees to execute a financial statement to the Unites States (OBD Form 500). The United States will make no recommendation as to the imposition of fines. The defendant, however, may have to pay restitution as required by law in an amount to be determined by the U.S. Probation Office

Pursuant to the "Justice for Victims Trafficking Act of 2015," Title 18, United States Code, Section 3014, the Court shall access an amount of five thousand dollars ($5,000.00), per relevant count, for a total of five thousand dollars ($5,000.00), on any non-indigent person or entity convicted of an offense under: a) Chapter 77 (relating to peonage, slavery, and trafficking in persons); b) Chapter 109A (relating to sexual abuse); c) Chapter 110 (relating to sexual exploitation and other abuse of children); d) Chapter 177 (relating to transportation for illegal sexual activity and related crimes); or, e) Section 274 of the "Immigration and Nationality Act" (Title 8, United States Code, Section 1324) (relating to human smuggling) unless the person induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.

Having ascertained directly from Defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the

United States of America v. Tanya Figueroa-Pagán
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 5

document entitled "Plea Agreement In Accordance with Rule 11(c)(1)(A) & (B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying her signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which Defendant already was aware of the maximum possible penalties, Defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, Defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate an agreement that appears on page four (4), paragraph eight (8) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant to USSG §2G1.3(a)(3), the base offense level shall be of twenty-eight (28). An increase of two (2) levels is warranted for the defendant is a relative of the victim, pursuant to USSG §2G1.3(b)(1). An increase of two (2) levels is warranted for undue influence, pursuant to USSG §2G1.3(b)(2)(B). An increase of two (2) levels is warranted for use of a computer, pursuant to USSG §2G1.3(b)(3). An increase of two (2) levels is warranted for sexual contact, pursuant to USSG §2G1.3(b)(4). A decrease of three (3)

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

<u>United States of America v. Tanya Figueroa-Pagán</u>
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 6

levels is agreed for acceptance of responsibility, pursuant to USSG §3E1.1(a) and (b). Therefore, the total adjusted offense level is of thirty-three (33). This total adjusted offense level yields an imprisonment range of one hundred and thirty-five (135) to one hundred and sixty-eight (168) months, assuming a criminal history category of I; one hundred and fifty-one (151) to one hundred and eighty-eight (188) months, assuming a criminal history category of II; one hundred and sixty-eight (168) to two hundred and ten (210) months, assuming a criminal history category of III.

Defendant indicated that she understands that there is a statutory minimum of one hundred and twenty (120) months of imprisonment.

Defendant agrees to forfeit all the digital material that either tested positive for the illegal sexual activity or possess child pornography, including but not limited to any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the violation charged in the Indictment.

The parties do not stipulate any assessment as to Defendant's criminal history category.

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553(a), in exchange for the defendant pleading guilty to Count One of the Indictment, both parties agree to recommend the mandatory minimum sentence for this offense (120 months of imprisonment) if the defendant's Criminal History Category (CHC) is I at the time of Sentencing. If the defendant's Criminal History Category is II or higher, both parties agree to recommend a sentence at the lower end of

the applicable Guideline range for a total offense level (TOL) of 33 when combined with the defendant's CHC at the time of Sentencing (CHC II – 151 months, CHC III – 168 months). The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

Defendant acknowledges that by pleading guilty and entering into this plea agreement, she will be required to register as a "Sex Offender" pursuant to the Sex Offender registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the Adam Walsh Child Protection and Safety Act of 2006 (P.L. 109-248), codified at the Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 16913. As a registered Sex Offender, Defendant further understands that her status as a convicted Sex Offender, and related information, will be made public. Defendant further acknowledges that she may or may not be required to register for life.

As part of the written Agreement, the Government, the Defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled

<u>United States of America v. Tanya Figueroa-Pagán</u>
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 8

"Government's Version of Facts", which had been signed by Defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.  Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, her attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the Advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea.  Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any

notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph nineteen (19) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because she is aware of its content, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that she agreed with the Government's evidence as to her participation in the offense. Thereupon, Defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 16-143 (GAG) and admitting the forfeiture allegation.

This Magistrate Judge after having explained to the Defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 16-143 (GAG).

IT IS SO RECOMMENDED.

<u>United States of America v. Tanya Figueroa-Pagán</u>
Criminal No. 16-143 (GAG)
Report and Recommendation
Page 10

The sentencing hearing is set for August 20, 2019 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> <u>also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 24th day of April of 2019.

                                                  s/ CAMILLE L. VELEZ-RIVE
                                                  CAMILLE L. VELEZ-RIVE
                                                  UNITED STATES MAGISTRATE JUDGE